MARY KRATKY, PROSECUTOR, v. BOARD OF PHARMACY OF THE STATE OF NEW JERSEY, DEFENDANT.

Submitted May 18, 1929—Decided November 7, 1929.

Before Justices Trenchard, Lloyd and Case.

For the prosecutor, *Lum, Tamblyn & Colyer* (*William F. Gorman,* of counsel).

For the defendant, *William A. Stevens,* attorney-general, and *Grover C. Richman.*

Per Curiam.

The prosecutor of this writ was convicted of violation of section 2 of the Pharmacy act (*Comp. Stat., p.* 3944), in that she retailed and dispensed drugs and medicines, *i. e.,* "camphorated oil" and "essence of peppermint," not being then and there a registered pharmacist or a registered assistant.

The first point is that the judge admitted illegal evidence of contents of the bottles purchased from the prosecutor. We think not. The witness "examined it" and says in effect that he could and did determine its contents.

The second point is that a nonsuit should have been granted. We think not. The charge and proof was of a violation of section 2, and a reading of section 6 shows that it does not relieve defendant of the offense.

The third point is that the act is unconstitutional in that section 9 thereof provides that the act shall not apply to sale of "simple non-poisonous domestic remedies by retail dealers in rural districts."

There seems to be no basis in fact for this objection in the present case.

The trial judge found as a fact that Little Ferry, where the sales were made, was not a rural district. There was no evidence to show that the articles sold were "simple non-poisonous domestic remedies." On the contrary the evidence was that they were medicines. It therefore seems that under the proofs sales of the articles in question should be treated as sales prohibited by section 2 of the act without regard to the provisions of section 9 which, if invalid, would not render the act invalid *in toto.*

The judgment will be affirmed, with costs.